No. 42,665

EMMA A. F. WELCH, *Appellee* and *Cross-Appellant*, v. THE J-D DECORATING STORE, INC., a Corporation, *Appellant* and *Cross-Appellee*, J. M. RODERICK, d/b/a RODERICK NEON COMPANY, *Defendant*.

(371 P. 2d 139)

Opinion filed May 5, 1962.

*Willard L. Phillips*, of Kansas City, argued the cause, and *John E. Buehler*, of Atchison, *P. B. McAnany, Thomas M. Van Cleave, Jr.*, and *James J. Lysaught*,

all of Kansas City, were with him on the brief for the appellant and cross-appellee.

*J. W. Lowry,* of Atchison, argued the cause, and *Steadman Ball, William E. Stillings* and *Robert D. Caplinger,* all of Atchison, were with him on the brief for the appellee and cross-appellant.

The opinion of the court was delivered by

PRICE, J.: This is an action to recover for personal injuries sustained by plaintiff when she was struck by an advertising sign which fell from a business building in Atchison.

The appeal and cross-appeal are from rulings on a demurrer to portions of the separate amended answer of one defendant.

Defendant, J-G Decorating Store, Inc., is the owner of the store and building from which the sign fell. This defendant will be referred to as the "store owner."

Defendant, J. M. Roderick, d/b/a Roderick Neon Company, installed the sign on the building. This defendant will be referred to as the "sign company."

Highly summarized, the petition alleges that at some time in 1956 the defendants contracted with each other that the sign company would construct, erect and install the sign on the building of the store owner; that all knowledge and information concerning the designing, construction, installation, inspection and maintenance of the sign, and all control of the same, has at all times been in the exclusive possession of defendants, their officers, agents and employees; that the injuries sustained by plaintiff were directly and proximately caused by the substantially concurrent negligent acts of defendants, their officers, agents and employees, in one, or some, or all of the following particulars—that they failed to design, construct, install and maintain the sign in a manner protecting the public and plaintiff from injury; that they failed to warn plaintiff of the fact the sign was insecure when they knew, or in the exercise of reasonable care should have known, that the sign was insecure and unsafe to the public and plaintiff; that they failed and neglected to properly inspect the sign and the building to which it was attached or cause them to be inspected and to discover the insecure and unsafe condition of the sign, and that they maintained the premises, and particularly the sign, in a defective and dangerous condition, all of which was hidden from plaintiff.

It then is alleged that on the afternoon of July 31, 1959, while plaintiff was walking on the public sidewalk adjacent to the build-

ing in question, the sign crashed downward together with bricks and debris from the building, striking plaintiff and causing severe personal injuries—which, for our purposes, need not be detailed.

The separate answer of the sign company contained certain denials and admissions, not here material, and then admitted that on February 29, 1956, it entered into a contract with the store owner whereby it, the sign company, constructed and erected the sign on the building owned by the store owner, and that at the time of the accident complained of such sign was the property of the store owner.

The separate answer of the store owner contained certain denials and admissions not here material, and further alleged that it and the sign company entered into a written lease on February 29, 1956, under the terms of which the sign company leased to the store owner the neon sign in question; that under the terms of such lease the sign company was, and remained, the owner of the sign and had the duty and responsibility, and was under the obligation, to keep it in good, sufficient and adequate repair and to take such steps as were necessary to prevent it from falling, and that if the sign was caused to fall because of improper installation, or because of improper inspection or maintenance, the fault was with the sign company. It further alleged that if plaintiff suffered personal injuries at the time and place alleged, such injuries and damages were not caused by any act of carelessness or negligence on the part of defendants, but were caused solely by an inevitable accident, or by an act of God. A copy of the written contract referred to was attached to the answer as an exhibit. It, omitting formal parts, reads:

"LEASE AND SERVICE AGREEMENT.

"The Roderick Neon Company, a Missouri Company, as lessor, and The JG Decorating Store, Inc., as lessee do hereby mutually agree as follows:

"(1) Lessor agrees to construct and erect a two (2) sided stickout sign 3' x 8' with JG in red neon on an alternating flasher and Paint and Wallpaper in power green neon to burn stead [sic] with balance of copy in painted lettering only, and to lease said sign to the lessee for a period of thirty-six (36) months, commencing upon the day said sign is erected and expiring at midnight of the day thirty-six full months (36) thereafter.

"(2) Lessor will maintain said sign after installation in good working order and condition and in case said sign shall fail to operate at anytime lessor shall cause said sign to be put in proper repair and working order as promptly as practical after receiving notice of such failure from lessee.

"(3) Lessee agrees to pay to lessor or its assigns as rental for said sign the

sum of $13.70 monthly payable at the office of the lessor, the first payment being due the day sign is erected and payable in advance on the same day of each calendar month thereafter.

"At the end of thirty-six (36) months said sign may be purchased by lessee upon payment of one (1) dollar, and the lessors liability ends with purchase by lessee.

"(4) The sign shall at all times be deemed the personal property of lessor until the aforementioned conditions of this agreement have been completely complied with.

"In witness whereof, the parties have caused this agreement to be executed in duplicate this 29th day of February, 1956."

Plaintiff filed a motion to require the answer be made definite and certain by stating when the sign was erected, whether the payments mentioned in the contract were made, and by stating whether it was contended by the store owner that the sign was still the exclusive property of the sign company.

This motion was sustained.

Defendant store owner then filed its separate amended answer, and in paragraph 3 thereof alleged substantially the same matters contained in its original answer, and in addition alleged that the sign was erected by the sign company some time subsequent to April 11, 1956, the exact date being unknown; that the store owner made payments of $13.70 monthly rental charges provided by the contract, and specifically denied that the payment of one dollar was ever made to the sign company.

In paragraph 4 of this separate answer of the store owner it was alleged that if plaintiff suffered personal injuries as alleged in her petition, such injuries were not caused by any act of carelessness or negligence on the part of the defendants, "but were caused solely by an inevitable accident or by a severe wind and thunder storm which was an act of God."

Plaintiff filed a demurrer to the allegations of paragraphs 3 and 4 of the separate amended answer on the ground that neither paragraph alleged facts sufficient to constitute a defense or a partial defense to the petition.

This demurrer was sustained as to paragraph 3, and overruled as to paragraph 4.

Defendant store owner has appealed from the order sustaining the demurrer to paragraph 3.

Plaintiff has cross-appealed from the order overruling the demurrer to paragraph 4.

In contending the trial court erred in sustaining plaintiff's de-

murrer to paragraph 3 of its separate amended answer, defendant store owner argues that a defendant may set up in an answer all available defenses (G. S. 1949, 60-710) to controvert the claim of a plaintiff; that it is entitled to rely on the written contract to establish the fact that it employed an expert in the business (the sign company) to install the sign; that having employed one skilled in that line of business to install the sign a jury might well believe that it, this defendant, was not negligent in any matter pertaining to the sign, and that where one party to an action states his version of a document the opposing party should be permitted to set out the correct agreement.

Although defendant store owner affirmatively states that it does not contend that by being permitted to plead and prove the existence of the contract, plaintiff, as a matter of law, would not be entitled to recover against it, we believe such defendant misconstrues the actual effect of the order sustaining the demurrer to paragraph 3 of the separate amended answer. The written contract and allegations concerning it were not stricken from that answer. The effect of the ruling in question was merely that such defendant's allegations and conclusions with respect to the construction of the contract were insufficient to constitute a defense. Apparently the theory of the trial court was that, as a matter of law, liability to the public did not depend entirely upon ownership of the sign. As we read the contract, which is set out above, it is in the nature of a "rental and service agreement" whereby the sign company is obligated to maintain the sign in proper repair and working order in return for the monthly payments, with the further provision that at the end of thirty-six months the sign may be purchased by the store owner upon payment of one dollar, at which time the sign company's liability to keep the sign in good working order shall end, and that until the aforementioned conditions have been completely complied with the sign shall be deemed to be the personal property of the sign company.

The contract contains nothing about liability of either party for negligence with respect to the public, and in its brief the store owner inferentially concedes the general rule to the effect that ordinarily a party cannot contract away his liability for negligence as far as a third party is concerned. At oral argument of this appeal some discussion was had as to whether, upon the trial of the case, the written contract would be admissible in evidence. At this stage

of the case we do not know what the evidence will disclose and therefore express no opinion on that question, but in the very nature of things the ownership of the sign, along with all of the other facts and circumstances which may be developed, is a factor to be taken into consideration in the determination of liability as between the two defendants.

In our opinion it may not be said the trial court erred in sustaining the demurrer to paragraph 3 of the separate amended answer.

And likewise, without further discussion, we believe it may not be said the trial court erred in overruling the demurrer to paragraph 4 of the separate amended answer in which it is alleged that plaintiff's injuries "were caused solely by an inevitable accident or by a severe wind and thunder storm which was an act of God."

As to both the appeal and cross-appeal the rulings are affirmed.